UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHEDRICK LAWRENCE,

                      MEMORANDUM AND ORDER

        Petitioner,                      CV 05-4946

        -against-

                                  (Wexler, J.)

UNITED STATES OF AMERICA,
        Respondent.
----------------------------------------------------------------X
APPEARANCES:

        SHEDRICK LAWRENCE
        PETITIONER # 68557-053
        Federal Correctional Institution, Ray Brook
        P.O. Box 9002
        Ray Brook, New York 12977

        ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY,
        EASTERN DISTRICT OF NEW YORK
        BY: ALLEN BODE, ESQ., ASSISTANT UNITED STATES ATTORNEY
        Attorneys for Respondent
        610 Federal Plaza
        Central Islip, New York 11722

        ADAM M. JOHNSON, ESQ.
        Federal Bureau of Prisons, legal Department
        Metropolitan Correctional Center
        150 Park Row
        New York, New York 10007

WEXLER, District Judge

        Petitioner Shedrick Lawrence ("Petitioner" or "Lawrence"), moves for an order pursuant to 28 U.S.C. § 2241, challenging the amount of prior custody credit awarded him by the Federal Bureau of Prisons. Respondent seeks to have the petition dismissed on the ground that it was filed in the wrong district.

1

## DISCUSSION

Lawrence has properly commenced this petition pursuant to 28 U.S.C. §2241 ("Section 2241"). That section is the proper vehicle where, as here, a prisoner raises a challenge to the execution of his sentence. United States v. Hay, 2006 WL 897976 *3 (E.D.N.Y. 2006); Nasso v. United States, 2005 WL 2591870 *2 (E.D.N.Y. 2005). Petitions filed pursuant to Section 2241 are properly filed in the district where the petitioner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 435-36 (2004); Kahn v. Ashcroft, 2004 WL 1888749 *1 (E.D.N.Y. 2004). Where a petition is filed in the wrong jurisdiction it may be properly dismissed for lack of jurisdiction. See Nasso, 2005 WL 2591870 *2. In the interests of justice, however, the court has the power to transfer the matter to the district in which it could have been brought. Hay, 2006 WL 897976 *3; Kahn, 2004 WL 1888749 *1; See 28 U.S.C. § 1631 (authorizing "interests of justice" transfer to a court where matter "could have been commenced" where court in which proceeding is filed lacks jurisdiction).

Petitioner here is currently confined in a facility located in the Northern District of New York. At the time of the filing of the petition, Lawrence was incarcerated in a facility located within the Southern District of New York. Petitioner was not incarcerated in a facility within the Eastern District of New York either at the time of the filing of his Section 2241 petition or at present. While the court could dismiss the petition for lack of jurisdiction, it will instead order that the petition be transferred to the United States District Court for the Northern District of New York.

## CONCLUSION

The petition pursuant to 28 U.S.C. §2241 is ordered to be transferred to the

United States District Court for the Northern District of New York. The Clerk of the Court is directed to terminate all motions, close this case and transfer this matter to the United States District Court for the Northern District of New York.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 11, 2006